NATIONAL GASLIGHT & FUEL Co. *vs.* TAMS BIXBY *et al.*

Argued Jan. 18, 1892.   Decided Feb. 5, 1892.

Construction of Contract.—A certain contract construed.

Appeal by defendants, Tams Bixby and R. C. Elliott, from an order of the district court of Goodhue county, *Williston,* J., made September 5, 1891, refusing a new trial.

The National Gaslight & Fuel Company brought this action to recover $1,324.94, balance due it for a gas-generating plant, sold by it to the defendants, to be used in the gas works they were constructing at Pierre, S. D.   The defendants by their answer made a counterclaim that they paid the freight for plaintiff on the plant from Chicago to Pierre.   Plaintiff replied that, by the written contract between it and defendants, this freight was not to be paid by it, but was to be paid by defendants.   A copy of the written contract between the parties was attached to the complaint.   Its construction was the only question in the case.   The issues were brought to trial, March 20, 1891.   The district court held that by the written contract defendants were required to pay this freight, rejected the counterclaim, and directed the jury to return a verdict for plaintiff for the amount of its claim.   Defendants excepted, and moved for a new trial, which was refused, and they appealed.

*Willis & Nelson,* for appellants.

*Gilfillan, Belden & Willard,* for respondent.

MITCHELL, J.   This case turns entirely upon the construction of the written contract of the parties, the particular question involved being which of them was to pay the freight on the gas-generating apparatus, referred to in the contract, from Chicago to Pierre.   The writing purports, on its face, to be a complete contract, stating specifically and in detail what each party is required to do.   The plaintiff was to furnish the defendants a gas-generating apparatus of a specified kind, and, according to annexed specifications, "all the said apparatus and parts belonging thereto are to be delivered f. o. b. cars at .Chicago, Ill."   The buildings, foundations, platforms, roof-openings, necessary water supply in the generating room, and all

other parts of the gas plant, except those mentioned in the specifications, were to be furnished at the expense of defendants. Next, the plaintiff agreed *to take the apparatus from the cars at Pierre*, and to so far complete the apparatus and work to be furnished by it, within 60 days from the date of the approval of the drawings, as to be ready to make and supply gas; also furnish an experienced man to start and operate the apparatus for a period of 10 days, to test its efficiency. The plaintiff also gave a guaranty as to the quantity and quality of gas which the apparatus would generate. And for and in consideration of the erection and furnishing of this gas-generating apparatus, in pursuance of this agreement, the defendants were to pay plaintiff $15,225, payable one third on its arrival at Pierre, one third January 14, 1890, and one third 10 days after the completion of the entire work. The contract thus purports to specify everything which plaintiff was to do for the compensation named, and, by necessary implication, it was not required to do anything else. The first thing plaintiff was to do was to furnish the apparatus *free on board the cars at Chicago*. The next thing was to *take the apparatus from the cars at Pierre*, and then set it up in the buildings and on the foundations, etc., furnished by the defendants, and start and test it. If, as defendants claim, the plaintiff was to furnish a complete gas-generating plant at Pierre, for the sum specified, it must necessarily transport it to Pierre, and take it off the cars, as a condition precedent to the possibility of performing its agreement. This being so, there would be neither necessity nor sense in a stipulation that it would make no charges against the defendants for placing the apparatus on the cars, or that it would take it off the cars after its arrival at Pierre. The clause as to delivering the apparatus f. o. b. the cars at Chicago is susceptible of but one rational construction, and that is that the plaintiff was to be at the expense of transporting it to and loading it on the cars, but, by necessary implication, that it was not to pay any charges for transportation from Chicago to Pierre. The language of the contract is so plain and unambiguous as to what the plaintiff was to do, and all it was to do, that parol evidence is inadmissible to vary or add to the terms of the writing.

Counsel have argued, at some length, the question as to where the title to the property was after it was placed upon the cars at Chicago; and he also lays some stress upon the fact that plaintiff consigned the property to itself at Pierre. It is unnecessary to consider these questions, as they have no bearing upon the construction of the contract.

Order affirmed.

(Opinion published 51 N. W. Rep. 217.)