AUGUSTUS F. WAITE *vs.* WM. FRISBIE *et al.*

Argued Jan. 21, 1892. Decided Feb. 15, 1892.

**Wills, the Expressed Intent of Testatrix Omitted.**—Evidence on a particular point *held* the same as passed on by this court in 45 Minn. 361, and the decision then made adhered to.

Appeal by William Frisbie, as executor of the last will and testament of Josephine O. Frisbie, deceased, from a judgment of the district court of Blue Earth county, *Buckham,* J., entered September 31, 1891.

Josephine O. Frisbie was the wife of William Frisbie. She died at Mankato, Minn., May 1, 1889, of exophthalmic goiter. She was 44 years old, and of sound and disposing mind and memory. An hour or so before her death she expressed a wish to make her will, and said to Mrs. Belle Wiser, who was with her, that she wished to give to her niece, Etta Frisbie, her piano, and to her servant girl, Lena Larson, $100, and to her nurse, Mrs. Stark, $300, and to her mother, $1,000, and to her husband, the balance; that her brother had enough, but if he should spend his money in saloons, and have to go to the poorhouse, she wanted her husband to take care of him. Mrs. Wiser repeated all this to Dr. Frisbie, her husband, and he at once wrote out a will embracing all these provisions, except the one regarding her brother, and it was presented and read to her. She shook her head, indicating it was not right. Mrs. Wiser then asked her if she wanted her words regarding her brother inserted in the will, and she indicated that she did, by nodding her head. Her husband then said he could not write that, and Mr. Pitcher was sent for, and came, and was told by Mrs. Wiser what had occurred. He thereupon wrote into the instrument the following words, viz.:

"6th. I request that my husband shall in case my brother Augustus F. Waite should come to want, that he shall see that he is cared for so he shall not become a public charge."

While this was being done in an adjoining room, Mrs. Frisbie took leave of her friends present, and bade them good-by. The in-

strument was again brought in for her to execute. This new (6th) clause was not read by or to her, or in any manner explained to her, but Mrs. Wiser said to her that Mr. Pitcher had included in the will what she wanted about her brother. Mrs. Frisbie then nodded her head in assent. She was too weak to write her name, and at the suggestion of some one present she laid her hand on Mr. Pitcher's while he wrote her name to the will, and made her mark to it for her. Some of the witnesses thought she did not speak after the amended will was brought in. Mrs. Wiser and another person signed the will as witnesses, as Mrs. Frisbie by a look seemed to request it; and in a few minutes thereafter she died. The judge who tried the action found from the evidence that Mr. Pitcher so signed her name by her express directions, and that the witnesses also signed at her request.

This instrument was by the surviving husband presented for probate in the probate court of Blue Earth county, but it was contested by the mother and brother of deceased. It was admitted to probate in that court on June 15, 1889. An appeal was taken by the contestants to the district court of that county. Issues were framed for a jury, and a trial had, and a verdict rendered that Mrs. Frisbie was of sound and disposing mind, and that the instrument was her will. This verdict was set aside, and a new trial granted. From that order her husband, the proponent, appealed to this court, where the order was affirmed. 45 Minn. 361. The new trial was had May 20, 1891, before the same judge without a jury. Findings were made that the sixth subdivision of the instrument (that relating to Mrs. Frisbie's brother) was not in her words, was not read by or to her, nor in any manner explained to her, and that she executed the instrument in the belief that what she desired about her brother was contained in it. The court found that in this respect the instrument did not express the will of Mrs. Frisbie. The proponent moved for a new trial, but it was denied, and judgment was entered on the findings that the proponent was not entitled to have the instrument admitted to probate, and reversing the judgment of the probate court. From that judgment this appeal was taken.

*Pfau & Young, J. L. Washburn,* and *E. P. Freeman,* for proponent.

The sixth clause of the will, as written by the scrivener, and the clause as dictated by the testatrix, are as follows:

Will: "I request that my husband shall in case my brother Augustus F. Waite should come to want, that he shall see that he is cared for so he shall not become a public charge."

Dictation: "Gussie has enough, but if he should spend his money in saloons, and have to go to the poorhouse, I want the doctor to take care of him."

The instrument as dictated by Mrs. Frisbie made no disposition of her property, set aside no part thereof, for any purpose other than is done in the instrument as written by the scrivener. If this clause of the will, as dictated by her, made a mere request, then it would be folly to set aside the will because this request, which is of itself no part of the will, was not in the words given by the testatrix. The words used by Mrs. Frisbie in dictating this will, this sixth clause, were no stronger, as tending to show a trust in Dr. Frisbie for the benefit of her brother, than the words which were written in the will itself. Unless the court can find from the words used by Mrs. Frisbie that she intended to tie up the entire bequest to her husband, to be held in trust for her brother, to be used for his support on the happening of the contingencies named, it can infer no trust.

Ordinarily, where the testator is in health, it is not necessary to show that the will was read to him, or that he knew its contents. *Day* v. *Day,* 3 N. J. Eq. 549; *Pettes* v. *Bingham,* 10 N. H. 514; *Combs' Appeal,* 105 Pa. St. 155.

It may be contended that in this case, and under the circumstances, it would be incumbent upon proponent to show that Mrs. Frisbie knew the contents of the instrument, and approved thereof, but this need not be done by direct testimony. Circumstantial evidence, tending to show that the will as executed was in the form she desired, would be sufficient. *Parker* v. *Felgate,* 8 P. D. 171; *Morrell* v. *Morrell,* 7 P. D. 68; *Moore* v. *Paine,* 2 Lee, Ecc. 595; *Hastilow* v. *Stobie,* L. R. 1 P. & D. 64. The finding in this case establishes the capacity of the testatrix beyond a doubt. Then, applying this law, there is a presumption in favor of the proponent

that the contents of the will were known to the testatrix. *Worthington* v. *Klemm*, 144 Mass. 167.

Where the testator makes an absolute devise and bequest, mere precatory words or desire or recommendation will not, in general, convert the devisee or legatee into a trustee, unless the will expresses affirmatively that it was intended to be imperative. *Gilbert* v. *Chapin*, 19 Conn. 342; *Burt* v. *Herron*, 66 Pa. St. 400; Story, Eq. Jur. (12th Ed.) § 1069; 2 Pom. Eq. Jur. § 1015; *Van Duyne* v. *Van Duyne*, 14 N. J. Eq. 397; *Hess* v. *Singler*, 114 Mass. 56.

*Daniel Buck, D. F. Morgan*, and *M. S. Wilkinson*, for respondent.

It is without dispute that the will was not read to Mrs. Frisbie, nor was any explanation whatever made to her, by any one, as to what its provisions were; but there is evidence that, upon being urged to sign, she apparently hesitated, and thereupon was told that it was just as she wanted it. Neither the terms nor effect of the sixth clause, relating to her brother, were communicated to her in any way, nor did Pitcher, who drew the will, or the witnesses who signed it, make any effort to learn whether she knew its contents or approved of it. It is by no means clear what the testatrix desired the will to contain in respect to her brother; but it does appear that it was not her will that Frisbie should take the property free from the condition or trust that in certain contingencies her brother should be taken care of.

The evidence on the part of the proponent, upon whom rested the burden of proof, shows that she disapproved of the instrument in its then form; in other words, as it then stood it was not her will. As then written it was an unqualified disposition of the entire estate, with absolute power of disposition to Dr. Frisbie. The addition of the sixth subdivision did not alter the legal effect of the will to the slightest extent. So far as this provision is concerned the case is squarely within the rule that words in a will, merely expressive of a desire, recommendation, or confidence, are not sufficient to convert a devise or bequest into a trust, and that, after an unqualified devise by a testator of his property, no precatory words to his devisee can defeat the estate previously granted. *Hopkins* v. *Glunt*, 111 Pa. St. 287; *Howard* v. *Carusi*, 109 U. S. 725; *Bills* v. *Bills*, 80 Iowa,

269; *Colton* v. *Colton*, 21 Fed. Rep. 594; *Dickson* v. *Field*, 77 Wis. 439.

It makes no more or other provision for her brother, with the sixth subdivision added, than it did before; and whether she would have approved of its terms or sanctioned it, had she been told that it was not binding on Dr. Frisbie, is something no man can tell. *Lyons* v. *Van Riper*, 26 N. J. Eq. 337. It is no doubt true that a will may be made by a person who, from blindness or other bodily infirmity, cannot read what is written. In such cases the civil law required that the will should be read over to the testator, and approved by him, in the presence of all the subscribing witnesses, (1 Williams, Ex'rs, 19;) and while the common law does not lay down that imperative rule, it does require strict and satisfactory proof that the testator knew and approved of the contents and effect of the will. Schouler, Wills, §§ 98, 317; *Harding* v. *Harding*, 18 Pa. St. 340; *Harden* v. *Hays*, 9 Pa. St. 151; *Harrison* v. *Rowan*, 3 Wash. C. C. 585.

GILFILLAN, C. J. When this case was here before—45 Minn. 361, (47 N. W. Rep. 1069)—we held that upon the evidence the will proposed was not the will of Mrs. Frisbie, because the sixth clause, which was not read by nor to her, is not in her words, and does not, so far as the evidence or the findings disclose, express her intention. In giving instructions for drawing the will she did not indicate what words were to be used, but she did express a desire to make, in the sixth clause, a provision of some kind for her brother, in a certain contingency. Stating the case in the light most favorable to the appellant, the evidence leaves it at least wholly a matter of mere conjecture whether she intended that the will should embrace an effectual provision for the support of her brother, or only a mere request or injunction upon her husband, imposing no legal obligation upon him or charge upon the estate. The clause, as drawn, makes no positive provision; and the will, with that clause in, is, in legal effect, no way different from what it was when she declined to sign it, because there was no such provision. On the second trial, without a jury, the court below regarded the evidence on this point as in substance the same as on the first trial, and that its decision must be

controlled by the decision of this court after the first trial. There is no material difference in the evidence. The terms in which the court below expresses its finding of fact on the point may be open to criticism, but, as no finding in favor of the will could be sustained on the evidence, it would be useless to send the case back for a new trial, even though strictly, and upon a close construction, the finding of fact does not require the conclusion of law. It is manifest the court intended to find that the words in the clause are not those of the testatrix, and do not express what she intended.

Judgment affirmed.

MITCHELL, J., took no part in the decision.

(Opinion published 51 N. W. Rep. 217.)